| THOMAS MULLER | IN THE CIRCUIT COURT |
|---|---|
| Plaintiff, <br> v. <br><br> LYFT, INC., ET AL. <br><br> Defendants. | FOR BALTIMORE CITY <br><br><br><br> CASE NO.: 24-C-23-002840 |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

TO:         **Lyft, Inc.**, Defendant

FROM:     **Thomas Muller**, Plaintiff

Thomas Muller, Plaintiff, by and through his undersigned attorneys, hereby propounds the following Interrogatories upon Defendant LYFT, INC., and states as follows:

### INSTRUCTIONS AND DEFINITIONS

The following instructions and definitions apply to each and every Interrogatory whether or not specifically referred to in any particular Interrogatory question.

A.     These Interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further or different information prior to trial.

B.     As used herein, the terms "identify", "identification", "identity", or words of similar import, when used in reference to: (a) a natural individual, require you to state his or her full name, residential address, business address, and telephone number; (b) a corporation, require you to state its full corporate name, and any names under which it does business, any trade names, its state of incorporation, the address and telephone number(s) of all its offices; (c) a business, require you to state the full name or style under which the business is conducted, its business address(es), and telephone number(s), and the identity of the person(s) who own, operate, and control the business; (d) a document, require you to state its title, its date, the name(s) of its authors and recipients and its present location and custodian; (e) a communication, require you, if any part of the communication was written, to identify the document(s) which refer to or evidence the communication, and, to the extent that the communication was non-written, to identify the persons participating in the communication, the context of the communication, and the date of the communication; (g) a location, require you to state the address, city, state, zip code and telephone number.

C.     Unless otherwise indicated, these Interrogatories refer to the times, places and circumstances of the occurrence mentioned or complained of in the pleadings.



D.     Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, the party's attorneys.

E.     The pronoun "you", "your", or "yourself" refers to the party to whom these Interrogatories are addressed, its agents, servants and/or employees and the persons mentioned in clause D, *supra*.

F.     The term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the party to whom these Interrogatories are addressed.

G.     The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, or other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary unincorporated association, organization, proprietorship, trust, state, government agency, commission, bureau, or department.

H.     The term "document" means any medium upon which information or intelligence can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, (including any memorandum or report of a meeting or conversation), invoice, bill, order, form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, X-ray, MRI, CAT scans, data sheet or data processing card, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody or control.

I.     The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.

J.     The term "occurrence" or "occurrences" refers to the time, place, and circumstances referred to in the Complaint and Answer regarding the incident complained of, unless otherwise indicated therein.  The term "transaction" has the same meaning.

K.     The use of any singular word includes both the singular and plural of that word and vice versa.

L.     The word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever possible, should also have the same meaning as the word "and".  For example, an interrogatory stating "support or referral" should also be read as

"support <u>and</u> referral" if an answer that both supports <u>and</u> refers can be made. The word "and" should be read as the word "or" if an answer which does both can be made.

M.    Each of the following interrogatories should be answered separately and fully in writing and under oath or the grounds for refusal to answer should be stated fully under oath. The answers shall be signed by the person making them.

N.    When an interrogatory requires you to state the facts on which you rely to support, state the basis of, or to describe, or uses other similar words to inquire about a particular claim, contention, event, defense, or allegation, state in your answer the identity of each and every communication and each and every fact which you contend supports, refers to, or evidences such claim, contention, or allegation.

O.    You must make inquiries of your agents, servants, employees, and representatives, so as to enable you to answer the Interrogatories propounded herein as completely and accurately as you possibly can.

P.    If you contend that any interrogatory is ambiguous, set forth the alleged ambiguity and the construction used in answering the interrogatory.

Q.    "ESI" or electronically stored information includes metadata, email (including attachments), work processing documents, spreadsheets, presentation documents, graphics, animations, images, audio, video and audiovisual recordings, and voicemail maintained by this party or a third party (such as an employee or outside vendor under contract) on a database, network, computer systems including legacy systems, servers, archives, back up or disaster recovery systems, tapes, discs, drives, cartridges and other stage media, laptops, personal computers, internet data, personal digital assistances, handheld wireless devices, mobile telephones, paging devices, and audio systems, including voicemail and may include data that has been deleted but can be restored.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify yourself, giving your full name, residence, date of birth, marital status, Social Security Number, business address and occupation, and if the defendant is a corporation, the office you hold with the Defendant.

**INTERROGATORY NO. 2:**    Identify all eyewitnesses to all or part of the occurrence, and state with specificity their knowledge of the occurrence.

**INTERROGATORY NO. 3:**    Identify all persons who were at or near the scene of the occurrence, and state with specificity the knowledge they possess.

**INTERROGATORY NO. 4:**    Identify all persons who arrived at the scene within

3

two (2) hours after the occurrence and state with specificity the knowledge they possess.

**INTERROGATORY NO. 5:**   Identify all persons known to you, or your attorneys, who have given signed and/or (recorded) statements and/or reports relative to all or any part of the occurrence, incident, or litigation, and identify with specificity: the subject matter of that statement; the date the statement or report was given or created; to whom it was given; and the present custodian of each signed or recorded statement. Attach hereto a copy of all statements or reports in your possession, custody, or control to these Interrogatories.

**INTERROGATORY NO. 6:**   If you have within your possession or control photographs, plats, or diagrams of the scene, or objects connected with said occurrence, set forth a description of same and describe the contents of any photograph, the dates taken, and the person(s) taking same.

**INTERROGATORY NO. 7:**   Give a concise statement of the facts as to how you contend that the occurrence took place.

**INTERROGATORY NO. 8:**   If you contend that a party, or a person not a party to this action acted in such a manner as to cause or contribute to the occurrence, give a concise statement of facts upon which you rely, naming such person or persons.

**INTERROGATORY NO. 9:**   Identify the itinerary of the vehicle and the driver of the vehicle for the four (4) hours prior to the occurrence, including the time and place of the beginning of the trip, the time and duration of each stop, the place of destination and the expected time of arrival.

**INTERROGATORY NO. 10:**   Identify all persons who investigated for you the cause and circumstances of the occurrence and state what they learned from their investigation.

**INTERROGATORY NO. 11:**   Identify all persons, firms, or corporations you

expect to call as expert witnesses at the trial of this case and state the subject matter upon which each such expert is expected to testify, the substance of such expert's findings and the opinions to which the expert is expected to testify, a summary of the grounds for each such opinion, and attach to your answers to these interrogatories a copy of any and all written reports made by each such expert concerning these findings and opinions.

**INTERROGATORY NO. 13:**      If you contend that the injuries and/or disability now complained of by the Plaintiff were the result of prior or subsequent injuries or illnesses, give a concise statement of the facts upon which you rely.

**INTERROGATORY NO. 14:**      Identify what part of the vehicle was damaged and, if it was estimated or repaired, the name and address of the person who performed such estimate or repairs, the dates of such work, and the cost thereof. If such vehicle is unrepaired, state the address and the hours at which it may be seen and identify when the vehicle was last inspected and by whom.

**INTERROGATORY NO. 15:**      If you have an automobile insurance policy for the vehicle involved in this occurrence, please state the name of the insurance company, and list the full and complete coverage provided by your policy (including limits and/or extent of liability coverage).

**INTERROGATORY NO. 17:**      Identify whether you have within your control or have knowledge of any transcripts of testimony in any proceeding arising out of the occurrence. If so, state the date, the subject matter, the name, and the business address of the person who has present possession of each said transcript of testimony.

**INTERROGATORY NO. 18:**      Identify the relationship between you and Co-Defendant Odinakachi Anyadike, including what the co-defendant was hired by you to do, and

how long he was employed by you before the occurrence.

**INTERROGATORY NO. 19:**     Identify with specificity all the actions you take to ensure that persons who drive motor vehicles while employed by you operate them in a safe, reasonable manner.   This includes identifying any training or background check you may perform.

**INTERROGATORY NO. 20:**     State which of the persons named in your answers are known or related to you, and the extent and character of the acquaintanceship or nature of the relationship.

**INTERROGATORY NO. 21:**     Identify all persons not heretofore named in your Answers to these Interrogatories who have personal knowledge of facts concerning the occurrence, injuries, losses, and/or damages.   Specify in which category each such person has knowledge.

**INTERROGATORY NO. 22**:     If you dispute that Defendant Anyadike was operating your motor vehicle during the incident with your permission, as outlined in the Complaint, state each and every basis for said dispute, and identify all documents and persons who support your position.

**INTERROGATORY NO. 23:**     Identify what actions were taken by you against Defendant Anyadike as a result of the Plaintiff's accident identified in the Complaint.

**INTERROGATORY NO. 24:**     Identify the circumstances in which the Defendant Anyadike was operating the vehicle involved in the said occurrence, including whether he was operating the vehicle while your employee in the course and scope of his employment with you.

**INTERROGATORY NO.25:**     Identify when, if ever, you knew or received

6

complaints about your Defendant Anyadike's ability to operate and drive motor vehicles in the past and state the dates of such complaints.

**INTERROGATORY NO. 26:**     For each complaint identified in No. 25 above, state the nature of the complaint.

**INTERROGATORY NO. 27:**     If you contend that the Plaintiff made an admission against his interest, state the admission; when and where it was made, name all persons who heard it, and whether said statement was oral or written.

**INTERROGATORY NO. 28:**     Identify with specificity (including persons, documents, and things) each and every (affirmative) defense you intend to raise to dispute the allegations made in Plaintiff's Complaint.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Lauren M. Geisser*
Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
AIS: 0912150282
*Attorney for Plaintiff*

| THOMAS MULLER | IN THE CIRCUIT COURT |
|---|---|
| Plaintiff, <br><br> v. <br><br> **LYFT, INC., ET AL.** <br><br> Defendants. | FOR BALTIMORE CITY <br><br><br><br> CASE NO.: 24-C-23-002840 |

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:      **Lyft, Inc., and Odinakachi Anyadike,** Defendants
         (To Be Answered Separately and Individually)

FROM:    **Thomas Muller,** Plaintiff

Plaintiffs hereby requests that Defendant(s) respond hereto and produce the documents described herein for inspection and copying at the office of counsel for Plaintiff, Lauren M. Geisser, and Gilman & Bedigian, LLC, 1954 Greenspring Drive, Suite 250, Timonium, Maryland 21093 thirty days after service of this First Request for Production of Documents. This Request for Production of Documents is continuing in nature and, if at any time after you have produced documents relevant to this Request, further documents come to your attention, you will be required to further produce such documents through and including the trial in this matter.

**DEFINITIONS AND INSTRUCTIONS**

This request for documents is continuing in character and requires prompt and further production if, at any time during the course of this litigation, you locate, or obtain possession, custody, or control of any additional responsive documents.

(a)      Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

(b)      The documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

(c)      These requests encompass all items within your possession, custody, or control.

(d)      These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

(e)      If, in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous, and the construction used in responding.

(f)      The term "person" includes any individual, entity, partnership, L.L.C., company, business entity, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(g)      The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

(h)      As used herein, "documents" and "records" shall include the originals or identical copies of all written, typed, printed, recorded (including sound, video and electronically recorded) and graphic matter, and shall further include all originals or copies of: statutes, ordinances, regulations, bulletins, directives, guidelines, orders, memoranda, written criteria, transcripts, papers, letters, correspondence of any kind, telegrams, notes and notations (handwritten or typewritten), diaries, books, calendars, pamphlets, accounting and billing ledgers and statements, computer printouts, written communications, work papers, statements, forms, summaries, studies, analysis, reports, agreements, agendas, notices, manuals, publications, brochures, lists, photographs, magnetic media, computer disks, data storage and audio and/or video recordings of oral communications (including telephone and other oral communications), interviews, conferences and meetings. The term "documents" includes all drafts and non-identical copies.

(i)      A document is "related to" the affairs or activities, including the financial affairs or activities, of a person, or organization, if it refers to, has been made available to, or in any other way concerns the affairs or activities, including the financial affairs or activities of that person or organization, either in whole or in part.

(j)      The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders.

(k)      Any document requested is to be reproduced in its entirety, without abbreviation or expurgation, including any attachments thereto, whether referred to in the document or otherwise, and including any enclosures therewith, whether referred to in the document or otherwise.

(l)      Where a document is requested that the answering party claims cannot be located or discovered by reasonable effort, the document and its contents should be described in detail and the present location and custodian of that document should be stated.

2

(m)     If the requested documents are maintained in a file, please produce the file folder together with the documents requested.

(n)     If you assert a privilege as to any document, identify the document, identify the privilege, and state the basis for the privilege.

(o)     The terms "business", "entity", "corporation" and "company" are used interchangeably, and each term is inclusive of the others without distinctions intended.

(p)     "ESI" or electronically stored information includes metadata, email (including attachments), work processing documents, spreadsheets, presentation documents, graphics, animations, images, audio, video and audiovisual recordings, and voicemail maintained by this party or a third party (such as an employee or outside vendor under contract) on a database, network, computer systems including legacy systems, servers, archives, back up or disaster recovery systems, tapes, discs, drives, cartridges and other stage media, laptops, personal computers, internet data, personal digital assistances, handheld wireless devices, mobile telephones, paging devices, and audio systems, including voicemail and may include data that has been deleted but can be restored.

## REQUESTS

**REQUEST NO. 1:**   All documents identified in your Answers to Interrogatories of any party.

**REQUEST NO. 2:**   Any and all reports, videotapes, written or recorded statements reduced to writing, from any experts whom the Defendant proposes to call as witnesses at the trial of this case.

**REQUEST NO. 3:**   Any and all objects, materials or samples related to the occurrence, or the parties involved.

**REQUEST NO. 4:**   Any and all photographs, videotapes, audiotapes, films, pictures of the scene of the occurrence, objects related to the occurrence, or the Plaintiff.

**REQUEST NO. 5:**   Any and all diagrams or other graphic or pictorial representations of the scene of the occurrence, objects related to the occurrence, or the parties involved.

3

**REQUEST NO. 6:**   Any and all written statements, transcripts of recorded statements, videotape or audiotape statements made or given by anyone to the Defendant and/or his representative(s) pertaining to the subject matter of this suit.

**REQUEST NO. 7:**   Any transcripts or recordings pertaining to the occurrence, including but not limited to traffic transcripts.

**REQUEST NO. 8:**   Any and all written estimates and or bills of repair to the motor vehicle occupied by the defendant involved in this occurrence.

**REQUEST NO. 9:**   A photocopy of the driver's license of the Defendant in effect at the time of the accident herein.

**REQUEST NO. 10:**   Any and all maintenance, repair records, or other documents pertaining to the motor vehicle occupied by the Defendant for one (1) year preceding the accident.

**REQUEST NO. 11:**   A photocopy of the traffic ticket(s) or citation(s) issued to Defendant(s), if any, for any violation arising out of the occurrence in question.

**REQUEST NO. 12:**   A photocopy of the Defendant's Declaration page of the insurance policy in effect at the time of this occurrence for the vehicle involved in this occurrence.

**REQUEST NO. 13:**   Any other documents, as defined in Definition (a) above, which the defendant intends to introduce into evidence at the trial of this case.

**REQUEST NO. 14:**   Copies of any and all insurance policies, including but not limited to the automobile insurance policy, that are available to satisfy any judgments awarded against the Defendant.

**REQUEST NO. 15:**   Copies of any and all documents and/or information including, but not limited to, ESI (electronically stored information) obtained during the discovery process.

**REQUEST NO. 16:**  Copies of any and all documents and/or information including, but not limited to, documents evidencing the Defendants phone use at the time of the occurrence.

**REQUEST NO. 17:**  Any and all surveillance documentation in your possession, custody, or control of any party to this case.

**REQUEST NO. 18:**  All written reports, most recent resumes and/or most recent curriculum vitae of each person whom you expect to call as an expert witness at trial.

**REQUEST NO. 19:**  All calculations, diagrams, engineering drawings, computer printouts or other data which have been prepared by you that do not constitute work product or have been prepared by an expert you intend to call at trial in connection with this case.

**REQUEST NO. 20:**  Any and all documents you have received from a subpoena.

**REQUEST NO. 21:**  Copies of any documents, accident reports, Police Report, reports, etc. prepared by any governmental agency/entity, etc. related to the Plaintiff and/or the Defendant(s) and/or anyone regarding this occurrence.

**REQUEST NO. 22:**  All documents relating to or referring to the facts stated in your Answers to these Interrogatories, including those documents that support or dispute your answers.

**REQUEST NO. 23:**  All documents which contain any alleged admission against an interest by this party(ies) or any agent, servant, or employee of this party(ies).

**REQUEST NO. 24:**  Copies of any transcripts or tapes of any traffic court trials, hearings, trials, depositions, or other proceedings in any way related to the subject matter of this lawsuit.

**REQUEST NO. 25:**  All documents pertaining to any conviction of the individual(s) to whom this Request for Production of Documents is propounded involving any conviction of an infamous crime or other crime relevant to the witness' credibility, during the past fifteen (15)

5

years when the responding party(ies) was eighteen (18) years of age or older and represented by an attorney. For clarification such crimes are defined by Maryland Rule 5-809(a)(1) and interpretative case law and include, but not limited to, crimes involving dishonest, theft, false statement, false pretense, embezzlement, uttering a false statement, check, deceit fraud, perjury, obstruction of justice, crimes of moral turpitude, felonies, infamous crimes, or any violation of law which has a tendency to show that the witness is not believed under oath.

**REQUEST NO. 26:** If applicable, all documents pertaining to estimates, damage sustained, repairs, maintenance, inspections, and/or safety checks since this occurrence for vehicles and/or objects damaged during this incident.

**REQUEST NO. 27:** All documents pertaining to any accidents (motor vehicle, pedestrian, work, home, recreational or otherwise) of which you were involved in, other than the lawsuit which is the subject matter of this occurrence.

**REQUEST NO. 28:** All receipts for all prescription and nonprescription medications taken by the Defendant Driver during the occurrence.

**REQUEST NO. 29:** All reports or documents from any governmental agency pertaining to the location where this incident occurred, including, but not limited to, any traffic light sequence report, etc.

**REQUEST NO. 30:** Any and all documentation you intend to introduce at trial.

**REQUEST NO. 31:** Any and all documents to support any claim of the Plaintiff of negligence on the part of this Defendant or any other party in connection with the occurrence which is the subject matter of this litigation.

**REQUEST NO. 32:** All documents concerning any judgment, verdict, Court Order, release, dismissal, settlement, or other agreement, formal or informal, pursuant to which the

liability of any person for any injury or damage arising out of the occurrence has been limited, reduced, or released in any manner.

**REQUEST NO. 33:** All insurance policies under which a person carrying on an insurance business might be liable to satisfy all or part of a Judgment that might be entered into this action or reimburse you for payments made to satisfy such a Judgment.

**REQUEST NO. 34:** As to all expert witnesses who are expected to be called to testify at the trial, copies of all studies, articles, journals, treatises, and books which have been or will be relied upon or referred to regarding this lawsuit or the upcoming Trial in this lawsuit.

**REQUEST NO. 35:** All codes, standards, or other regulations upon which you have relied on or intend to rely on in connection with this case.

**REQUEST NO. 36:** All documents which support any and all claims of affirmative defense which you claim in this lawsuit.

**REQUEST NO. 37:** Copies of all documents which any witness called by you to testify at trial will refer to or rely on, as well as those documents which any such witness will refer to or rely on during his or her direct examination.

**REQUEST NO. 38:** All documents referring to or relating to any written or oral communication concerning the subject matter of this litigation.

**REQUEST NO. 39:** All reports made by, signed by, prepared with your assistance, or kept by you or any employer or employee in the ordinary course of business relative to the occurrence or its consequences.

**REQUEST NO. 40:** All reports, statements, notes, etc. containing a partial or full description of this occurrence.

**REQUEST NO. 41:** All documents, personal notes, and/or memoranda referring to or relating to the occurrence subject of this litigation or its consequences.

7

**REQUEST NO. 42:** All documents including but not limited to applications you have submitted to any person, firm, entity and/or corporation regarding any claim for personal injury protection related to this occurrence.

**REQUEST NO. 43:** All statements (i.e., a written statement signed or otherwise adopted or approved by the person making it; or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded) made by this Defendant(s), its employees, agents and/or representatives, any witness to the occurrence, any witnesses who will testify at trial, and/or the Plaintiff.

**REQUEST NO. 44:** All documents made by, signed by, prepared by and/or prepared with the assistance of you, any employee, or any employer in the ordinary course of business related to the circumstances surrounding this occurrence.

**REQUEST NO. 45:** Any and all contracts, agreements, or understandings between you and the Co-Defendants regarding who was responsible for passenger safety at the time of the occurrence.

**REQUEST NO. 46:** All documents that describe the processes and procedures for hiring employees or are otherwise utilized in the hiring of employees or managers by Lyft, Inc., and identify their custodian.

**REQUEST NO. 47:** All documents related to the hiring of Defendant Anyadike by Defendant Lyft, Inc. in this matter, including documents reviewed before officially beginning his employment.

**REQUEST NO. 48:** All employee handbooks, other employment-related literature, and/or handouts given to Defendant Anyadike.

8

**REQUEST NO. 49:** All documents contained in the employment files of Defendant Anyadike related to their employment with Lyft, Inc.

**REQUEST NO. 50:** Any and all documents indicating Lyft platform use for the week before, during and after the occurrence, including any data showing: log in/out times; speed; GPS; and ride data.

GILMAN & BEDIGIAN, L.L.C.


*/s/ Lauren M. Geisser*
Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
AIS: 0912150282
*Attorney for Plaintiff*

| **THOMAS MULLER** | **IN THE CIRCUIT COURT** |
|---|---|
| Plaintiff, | **FOR BALTIMORE CITY** |
| v. | |
| **LYFT, INC., ET AL.** | |
| Defendants. | **CASE NO.: 24-C-23-002840** |

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO:       **Vanessa Bond**, Defendant

FROM:      **Thomas Muller**, Plaintiff

Plaintiff hereby requests that Defendant respond hereto and produce the documents described herein for inspection and copying at the office of counsel for Plaintiff, Lauren M. Geisser and Gilman & Bedigian, LLC, 1954 Greenspring Drive, Suite 250, Timonium, Maryland 21093, thirty days after service of this First Request for Production of Documents. This Request for Production of Documents is continuing in nature and, if at any time after you have produced documents relevant to this Request, further documents come to your attention, you will be required to further produce such documents through and including the trial in this matter.

### DEFINITIONS AND INSTRUCTIONS

This request for documents is continuing in character and requires prompt and further production if, at any time during the course of this litigation, you locate, or obtain possession, custody, or control of any additional responsive documents.

(a)      Your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

(b)      The documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

(c)      These requests encompass all items within your possession, custody or control.

(d)     These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

(e)     If, in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous, and the construction used in responding.

(f)     The term "person" includes any individual, entity, partnership, L.L.C., company, business entity, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(g)     The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

(h)     As used herein, "documents" and "records" shall include the originals or identical copies of all written, typed, printed, recorded (including sound, video and electronically recorded) and graphic matter, and shall further include all originals or copies of: statutes, ordinances, regulations, bulletins, directives, guidelines, orders, memoranda, written criteria, transcripts, papers, letters, correspondence of any kind, telegrams, notes and notations (handwritten or typewritten), diaries, books, calendars, pamphlets, accounting and billing ledgers and statements, computer printouts, written communications, work papers, statements, forms, summaries, studies, analysis, reports, agreements, agendas, notices, manuals, publications, brochures, lists, photographs, magnetic media, computer disks, data storage and audio and/or video recordings of oral communications (including telephone and other oral communications), interviews, conferences and meetings. The term "documents" includes all drafts and non-identical copies.

(i)     A document is "related to" the affairs or activities, including the financial affairs or activities, of a person, or organization, if it refers to, has been made available to, or in any other way concerns the affairs or activities, including the financial affairs or activities of that person or organization, either in whole or in part.

(j)     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders.

(k)     Any document requested is to be reproduced in its entirety, without abbreviation or expurgation, including any attachments thereto, whether referred to in the document or otherwise, and including any enclosures therewith, whether referred to in the document or otherwise.

(l)     Where a document is requested that the answering party claims cannot be located or discovered by reasonable effort, the document and its contents should be described in detail and the present location and custodian of that document should be stated.

2

(m)   If the requested documents are maintained in a file, please produce the file folder together with the documents requested.

(n)   If you assert a privilege as to any document, identify the document, identify the privilege, and state the basis for the privilege.

(o)   The terms "business", "entity", "corporation" and "company" are used interchangeably, and each term is inclusive of the others without distinctions intended.

(p)   "ESI" or electronically stored information includes metadata, email (including attachments), work processing documents, spreadsheets, presentation documents, graphics, animations, images, audio, video and audiovisual recordings, and voicemail maintained by this party or a third party (such as an employee or outside vendor under contract) on a database, network, computer systems including legacy systems, servers, archives, back up or disaster recovery systems, tapes, discs, drives, cartridges and other stage media, laptops, personal computers, internet data, personal digital assistances, handheld wireless devices, mobile telephones, paging devices, and audio systems, including voicemail and may include data that has been deleted but can be restored.

## REQUESTS

**REQUEST NO. 1:**   All documents identified in your Answers to Interrogatories of any party.

**REQUEST NO. 2:**   Any and all reports, videotapes, written or recorded statements reduced to writing, from any experts whom the Defendant proposes to call as witnesses at the trial of this case.

**REQUEST NO. 3:**   Any and all objects, materials or samples related to the occurrence, or the parties involved.

**REQUEST NO. 4:**   Any and all photographs, videotapes, audiotapes, films, pictures of the scene of the occurrence, objects related to the occurrence, or to the Plaintiff.

**REQUEST NO. 5:**   Any and all diagrams or other graphic or pictorial representations of the scene of the occurrence, objects related to the occurrence, or the parties involved.

3

**REQUEST NO. 6:**   Any and all written statements, transcripts of recorded statements, videotape or audiotape statements made or given by anyone to the Defendant and/or his representative(s) pertaining to the subject matter of this suit.

**REQUEST NO. 7:**   Any transcripts or recordings pertaining to the occurrence, including but not limited to traffic transcripts.

**REQUEST NO. 8:**   Any and all written estimates and or bills of repair to the motor vehicle occupied by the Defendant involved in this occurrence.

**REQUEST NO. 9:**   A photocopy of the driver's license of the Defendant in effect at the time of the accident herein.

**REQUEST NO. 10:**   Any and all maintenance, repair records, and/or other documents pertaining to the motor vehicle occupied by the Defendant for one (1) year preceding the accident.

**REQUEST NO. 11:**   A photocopy of the traffic ticket(s) or citation(s) issued to the defendant, if any, for any violation arising out of the occurrence in question.

**REQUEST NO. 12:**   A photocopy of the Defendant's Declaration page of the insurance policy in effect at the time of this occurrence for the vehicle involved in this occurrence.

**REQUEST NO. 13:**   Any other documents, as defined in Definition (h) above, which the Defendant intends to introduce into evidence at the trial of this case.

**REQUEST NO. 14:**   Copies of any and all insurance policies, including but not limited to the automobile insurance policy, that are available to satisfy any judgments awarded against the Defendant.

**REQUEST NO. 15:**   Copies of any and all documents and/or information including, but not limited to, ESI (electronically stored information) obtained during the discovery process.

4

**REQUEST NO. 16:** Copies of any and all documents and/or information including, but not limited to, documents evidencing the Defendants phone use at the time of the occurrence.

**REQUEST NO. 17:** Any and all surveillance documentation in your possession, custody, or control of any party to this case.

**REQUEST NO. 18:** All written reports, most recent resumes and/or most recent curriculum vitae of each person whom you expect to call as an expert witness at trial.

**REQUEST NO. 19:** All calculations, diagrams, engineering drawings, computer printouts or other data which have been prepared by you that do not constitute work product or have been prepared by an expert you intend to call at trial in connection with this case.

**REQUEST NO. 20:** Any and all documents you have received from a subpoena.

**REQUEST NO. 21:** Copies of any documents, accident reports, Police Report, reports, etc. prepared by any governmental agency/entity, etc. related to the Plaintiff and/or the Defendant and/or anyone regarding this occurrence.

**REQUEST NO. 22:** All documents relating to or referring to the facts stated in your Answers to these Interrogatories, including those documents that support or dispute your answers.

**REQUEST NO. 23:** All documents which contain any alleged admission against an interest by this party(ies) or any agent, servant, or employee of this party(ies).

**REQUEST NO. 24:** Copies of any transcripts or tapes of any traffic court trials, hearings, trials, depositions, or other proceedings in any way related to the subject matter of this lawsuit.

**REQUEST NO. 25:** All documents pertaining to any conviction of the individual(s) to whom this Request for Production of Documents is propounded involving any conviction of an infamous crime or other crime relevant to the witness' credibility, during the past fifteen (15)

years when the responding party(ies) was eighteen (18) years of age or older and represented by an attorney. For clarification such crimes are defined by Maryland Rule 5-809(a)(1) and interpretative case law and include, but not limited to, crimes involving dishonest, theft, false statement, false pretense, embezzlement, uttering a false statement, check, deceit fraud, perjury, obstruction of justice, crimes of moral turpitude, felonies, infamous crimes or any violation of law which has a tendency to show that the witness is not believed under oath.

**REQUEST NO. 26:** If applicable, all documents pertaining to estimates, damage sustained, repairs, maintenance, inspections and/or safety checks since this occurrence for vehicles and/or objects damaged during this incident.

**REQUEST NO. 27:** All documents pertaining to any accidents (motor vehicle, pedestrian, work, home, recreational or otherwise) of which you were involved in, other than the lawsuit which is the subject matter of this occurrence.

**REQUEST NO. 28:** All receipts for all prescription and nonprescription medications taken during the occurrence.

**REQUEST NO. 29:** All reports or documents from any governmental agency pertaining to the location where this incident occurred, including, but not limited to, any traffic light sequence report, etc.

**REQUEST NO. 30:** Any and all documentation you intend to introduce at trial.

**REQUEST NO. 31:** Any and all documents to support any claim of the Plaintiff of negligence on the part of this Defendant or any other party in connection with the occurrence which is the subject matter of this litigation.

**REQUEST NO. 32:** All documents concerning any judgment, verdict, Court Order, release, dismissal, settlement, or other agreement, formal or informal, pursuant to which the

liability of any person for any injury or damage arising out of the occurrence has been limited, reduced, or released in any manner.

**REQUEST NO. 33:** All insurance policies under which a person carrying on an insurance business might be liable to satisfy all or part of a Judgment that might be entered into this action or reimburse you for payments made to satisfy such a Judgment.

**REQUEST NO. 34:** As to all expert witnesses who are expected to be called to testify at the trial, copies of all studies, articles, journals, treatises, and books which have been or will be relied upon or referred to regarding this lawsuit or the upcoming Trial in this lawsuit.

**REQUEST NO. 35:** All codes, standards, or other regulations upon which you have relied or intend to rely in connection with this case.

**REQUEST NO. 36:** All documents which support any and all claims of affirmative defense which you claim in this lawsuit.

**REQUEST NO. 37:** Copies of all documents which any witness called by you to testify at trial will refer to or rely on, as well as those documents which any such witness will rely during his or her direct examination.

**REQUEST NO. 38:** All documents referring to or relating to any written or oral communication concerning the subject matter of this litigation.

**REQUEST NO. 39:** All reports made by, signed by, prepared with your assistance, or kept by you or any employer or employee in the ordinary course of business relative to the occurrence or its consequences.

**REQUEST NO. 40:** All reports, statements, notes, etc. containing a partial or full description of this occurrence.

**REQUEST NO. 41:** All documents, personal notes, and/or memoranda referring to or relating to the occurrence subject of this litigation or its consequences.

7

**REQUEST NO. 42:** All documents including but not limited to applications you have submitted to any person, firm, entity and/or corporation regarding any claim for personal injury protection related to this occurrence.

**REQUEST NO. 43:** All statements (i.e., a written statement signed or otherwise adopted or approved by the person making it; or a stenographic, mechanical, electrical, or other recording, or a transcription thereof, that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded) made by this Defendant(s), its employees, agents and/or representatives, and/or any witness to the occurrence and/or a witness who will testify at trial, and/or the Plaintiff.

**REQUEST NO. 44:** All documents made by, signed by, prepared by and/or prepared with the assistance of you, any employee, or any employer in the ordinary course of business related to the circumstances surrounding this occurrence.

**REQUEST NO. 45:** All raw video footage in original and native format.

**REQUEST NO. 46:** All photographs in original and native format.

**REQUEST NO. 47:** All reports, memos, and the like in their original native format such as Word or WordPerfect. These materials must include all original Metadata.

**REQUEST NO. 48:** All communications regarding this case including all emails and correspondence.

**REQUEST NO. 49:** All billing and time records of any person or firm performing any work on this case.

**REQUEST NO. 50:** All computer video editing and photo editing files.

**REQUEST NO. 51:** All rendered videos.

**REQUEST NO. 52:** All video raw footage stored on any media such as hard drives, optical disks, etc., regardless of format.

8

**REQUEST NO. 53:** An identification of all video and still photography equipment utilized including manufacturer, model numbers and serial numbers.

**REQUEST NO. 54:** Identification of any computer used for video editing including software identification and version used for editing.

**REQUEST NO. 55:** Identity of all persons who participated in the editing and rendering of any video clips.

**REQUEST NO. 56:** An identification of all persons who reviewed video and photographs.

**REQUEST NO. 57:** Identification of all locations for any surveillance.

**REQUEST NO. 58:** All cell records of persons doing the surveillance during the time of any surveillance.

**REQUEST NO. 59:** All notes or dictation regarding any surveillance.

**REQUEST NO. 60:** All other materials related to surveillance activities whether or not included above.

**REQUEST NO. 61:** A copy of the incoming and outgoing call logs from any and all cell phones that were in your motor vehicle, or the vehicle you were operating, at the time of the occurrence.

GILMAN & BEDIGIAN, L.L.C.

*/s/ Lauren M. Geisser*
Lauren M. Geisser
GILMAN & BEDIGIAN, L.L.C.
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
AIS: 0912150282
*Attorney for Plaintiff*

9