| | |
|---|---|
| **THOMAS MULLER**<br>112 Alsace Court<br>Ponte Vedra, Florida 32082<br><br>         Plaintiff,<br>v.<br><br>**LYFT, INC.**<br>2300 Harrison Street<br>San Francisco, California 94110<br>SERVE ON: The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093<br><br>and<br><br>**VANESSA BOND**<br>7785 East Baltimore Street<br>Baltimore, Maryland 21224<br><br>and<br><br>**ODINAKACHI ANYADIKE**<br>3 Bellington Court<br>Nottingham, Maryland 21236<br><br>         Defendants. | <u>IN THE</u><br><br><u>CIRCUIT COURT</u><br><br><u>FOR</u><br><br><u>BALTIMORE CITY</u><br><br><br><br>CASE NO.:<br><br><br><br>JURY TRIAL DEMANDED |

<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Thomas Muller (hereinafter "Plaintiff"), by and through his attorneys, Lauren M. Geisser and Gilman & Bedigian, LLC, hereby sues Lyft, Inc. (hereinafter "Defendant Lyft"), Vanessa Bond (hereinafter "Defendant Bond"), and Odinakachi Anyadike (hereinafter "Defendant Anyadike") and states as follows:

<u>FACTS COMMON TO ALL COUNTS</u>

1.      That all events giving rise to this cause of action took place in Baltimore City, Maryland.

2.      That Plaintiff is a resident of St. Johns County, Florida.



3. That Defendant Bond is a resident of Baltimore City, Maryland.

4. That Defendant Anyadike is a resident of Baltimore County, Maryland.

5. That Defendant Lyft is a registered business entity in Maryland and regularly conducts business throughout Baltimore City and the State of Maryland, where it provides ridesharing services to the public.

6. That on or about April 3, 2019, at approximately 1:11 p.m., Plaintiff was a passenger in a vehicle operated by Defendant Anyadike, in his capacity as a driver for Defendant Lyft, that was traveling north on North Calvert Street approaching its intersection with East Biddle Street.

7. That at approximately the same time and place, a vehicle owned and operated by Defendant Bond was traveling east on East Biddle Street, approaching the intersection with North Calvert Street.

8. Suddenly and without warning, Defendant Bond or Defendant Anyadike failed to stop for the red light causing a forceful collision in which the Plaintiff was injured.

9. That Defendants owed a duty to Plaintiff.

## COUNT I
(Negligence – against Defendant Bond)

10. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 9 and all other counts of this Complaint with the same effect as if herein fully set forth.

11. That Defendant Bond was operating her vehicle in a negligent and careless manner by failing to exercise care and caution for the safety of others on a public highway; failed to maintain a proper lookout; failed to exercise care and caution to avoid a collision; failed to maintain proper control over the vehicle; failed to follow the Maryland Transportation Article;

failed to obey a traffic control device, and was otherwise negligent in causing this collision which were violations of the duty of care.

12. That as a proximate result of the negligence of the Defendant Bond, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to his ribs, head, neck, and arms; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred into the future.

13. That the Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

### COUNT II
(Negligence – against Defendant Anyadike)

14. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 13 and all other counts of this Complaint with the same effect as if herein fully set forth.

15. That Defendant Anyadike was operating his vehicle in a negligent and careless manner by failing to exercise care and caution for the safety of others on a public highway; failed to maintain a proper lookout; failed to exercise care and caution to avoid a collision; failed to maintain proper control over the vehicle; failed to follow the Maryland Transportation Article;

failed to obey a traffic control device, and was otherwise negligent in causing this collision which were violations of the duty of care.

16. That as a proximate result of the negligence of the Defendant Anyadike, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to his ribs, head, neck, and arms; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred into the future.

17. That the Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT III
(Negligence– against Defendant Lyft)

18. That Plaintiff adopts by reference the allegations contained in paragraphs 1 through 17 and all other counts of this Complaint with the same effect as if herein fully set forth.

19. That this Defendant owed to the Plaintiff a duty of care.

20. That as a proximate result of the negligence of the Defendants, including . Defendant Lyft, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, his ribs, head, neck, and arms; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the

future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred into the future.

21.     The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

### COUNT IV
(Negligent Hiring of Defendant Anyadike – against Defendant Lyft)

22.     Plaintiff adopts by reference the allegations contained in paragraphs 1 through 21 and all other counts of this Complaint with the same effect as if herein fully set forth.

23.     Defendant Lyft had a duty to use reasonable care to select employees who were competent and fit to perform the duties required of the job.

24.     Defendant Lyft hired Defendant Anyadike to be a driver for its transportation company, which required Defendant Anyadike to use a motor vehicle during his employment.

25.     Defendant Anyadike was incompetent and unable to perform the duties required at the time of hiring by Defendant Lyft.

26.     A reasonable and prudent employer would not have ignored Defendant Anyadike's unfitness to perform the duties his employment entailed.

27.     Defendant Lyft knew, or should have known, of Defendant Anyadike's incompetence and inability to perform the duties required during his transportation responsibilities, and that he was not a safe, law-abiding, responsible driver.

28. Defendant Lyft, through hiring Defendant Anyadike, breached such duty of care.

29. That as a proximate result of the negligence of the Defendant Lyft in hiring Defendant Anyadike, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to his ribs, head, neck, and arms; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred into the future.

30. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

### COUNT V
(Respondent Superior– against Defendant Lyft)

31. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 30, and all other counts of this Complaint with the same effect as if herein fully set forth.

32. At all times relevant hereto, Defendant Anyadike was acting in the scope of his employment for Defendant Lyft.

33. In the alternative, Defendant Anyadike was an independent contractor for Defendant Lyft acting with authority of Defendant Lyft during this occurrence and such authority and behavior led third parties such as the Plaintiff to believe that Defendant Anyadike was an agent of Defendant Lyft.

34. As a result, Defendant Lyft is responsible for the negligent acts of Defendant Anyadike.

35. That as a proximate result, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to his ribs, head, neck, and arms; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred into the future.

36. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

## COUNT VI
(Negligent Training & Supervision- against Defendant Lyft)

37. Plaintiff adopts by reference the allegations contained in paragraphs 1 through 36 of this Complaint, and all other Counts of this Complaint, with the same effect as if herein fully set forth.

38. That Defendant owed a duty of care in the training and supervision of Defendant Anyadike.

39. That upon information and belief, Defendant Lyft failed to properly train and supervise its employee, Defendant Anyadike, who operated a motor vehicle as part of his employment duties.

7

40. That as a result of the lack of training and proper supervision, Defendant Anyadike caused a collision between the vehicle Plaintiff was a passenger in and another vehicle.

41. A reasonable and prudent employer would not have ignored Defendant Anyadike's unfitness to perform the duties his employment entailed.

42. Defendant Lyft knew, or should have known, of Defendant Anyadike's incompetence and inability to perform the duties required during his transportation responsibilities and that he was not a safe, law-abiding, responsible driver.

43. Defendant Lyft, through improper training and supervision of Defendant Anyadike, breached such duty of care.

44. That as a proximate result of the negligence of the Defendant Lyft in training and supervising Defendant Anyadike, Plaintiff was caused to be seriously, painfully and permanently injured about the body and limbs including, but not limited to, injuries to his ribs, head, neck, and arms; to undergo medical care and treatment which will with reasonable probability be expected to be incurred into the future; to incur medical expenses which will with reasonable probability be expected to be incurred into the future; and to lose time from his daily pursuits which will with reasonable probability be expected to be incurred into the future.

45. The Plaintiff further states that all of his injuries, damages, and losses complained of were caused directly by the negligence of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, this suit is brought, and the Plaintiff demands judgment against Defendant, for the sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, plus interest and costs.

GILMAN & BEDIGIAN, L.L.C.

*signature* w/p JLG

Lauren M. Geisser
1954 Greenspring Drive, Suite 250
Timonium, Maryland 21093
(410) 560-4999
lgeisser@gblegalteam.com
CPF: 0912150282
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

*signature* JLG

Lauren M. Geisser